IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

COLT & JOE TRUCKING, LLC,

    Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF LABOR, et al.,

    Defendants-Appellees.

No. 25-2022

**MOTION TO HOLD APPEAL IN ABEYANCE**

    Defendants-appellees United States Department of Labor, *et al.*, respectfully move to hold this appeal in abeyance pending the agency's reconsideration of the rule challenged in this litigation. Plaintiff consents to this motion.

    **1.** This appeal involves a challenge to a rule issued by the Department of Labor that provides interpretive guidance regarding the analysis the Department used in its Fair Labor Standards Act enforcement to determine whether workers are, as a matter of economic reality, in business for themselves (and thus independent contractors), or economically dependent on the employer for work (and thus employees). 89 Fed. Reg. 1638 (Jan. 10, 2024) (2024 Rule).

    There are several other active challenges to the rule pending in other circuits, *Frisard's Transp., LLC v. Dep't of Labor*, No. 2:24-cv-00347 (E.D. La. Mar. 8, 2024), *appeal pending* No. 24-30223 (5th Cir.); *Warren v. U.S. Dep't of Labor*, No. 2:24-cv-007

(N.D. Ga. Oct. 7, 2024), *appeal pending*, No. 24-13505 (11th Cir.); *Littman v. U.S. Dep't of Labor*, No. 3:24-cv-00194, 2025 WL 763585 (M.D. Tenn. Mar. 11, 2025), *appeal pending*, No. 25-5335 (6th Cir.), and one case pending in the Eastern District of Texas, *Coalition for Workforce Innovation v. Chavez-DeRemer*, No. 1:21-cv-130 (E.D. Tex.).

**2.** In April 2025, the Department informed undersigned counsel that it intends to reconsider the 2024 Rule at issue in this litigation, including whether to issue a notice of proposed rulemaking rescinding the regulation. Then, on May 1, 2025, the Department of Labor published a Field Assistance Bulletin (FAB) providing guidance to the Wage and Hour Division's field staff regarding the analysis that should apply when determining employee or independent contractor status for purposes of enforcing the FLSA. U.S. Department of Labor, Field Assistance Bulletin No. 2025-1.[1] That document reiterated that the Department of Labor is reconsidering the regulation at issue in this litigation (including whether to rescind the regulation), and that the Wage and Hour Division is "currently reviewing and developing the appropriate standard for determining FLSA employee versus independent contractor status." *Id.* The bulletin further stated that, consistent with the Department's expressed intent to reconsider the rule, the Wage and Hour Division "will no longer apply the 2024 Rule's analysis when determining employee versus independent contractor status in FLSA investigations." *Id.* Instead, the Department will enforce

---

[1] https://www.dol.gov/sites/dolgov/files/WHD/fab/fab2025-1.pdf.

the FLSA in accordance with prior subregulatory guidance: U.S. Department of Labor, Fact Sheet # 13 (July 2008),[2] and Opinion Letter FLSA 2019-6.[3] The bulletin noted that "[u]ntil further action is taken," the regulation at issue in this litigation "remains in effect for purposes of private litigation" and that the bulletin does not change "the rights of employees or responsibilities of employers under the FLSA." FAB No. 2025-1 at 2.

**3.** Given these developments, each of the related cases challenging the 2024 Rule has now been placed in abeyance. *See Frisard v. Department of Labor*, No. 24-30223, Dkt. No. 112 (April 8, 2025); *Warren v. U.S. Dep't of Labor*, No. 24-13505, Dkt. No. 32 (11th Cir. Apr. 14, 2025); *Littman v. Department of Labor*, No. 25-5335, Dkt. No. 11 (6th Cir. May 2, 2025); *Coalition for Workforce Innovation v. Chavez-DeRemer*, No. 1:21-cv-130 (E.D. Tex. Apr. 29, 2025). With the cooperation of this Circuit's mediation office, plaintiff and the government have agreed to continue delaying the briefing schedule in this case without the need for a formal abeyance motion to date. The government now respectfully requests that this Court formally place the case in abeyance pending the agency's reconsideration of this rule. Abeyance will serve the interests of judicial efficiency because the agency's reconsideration and potential rescission of the rule may obviate the need for further litigation. The Department

---

[2] https://www.dol.gov/sites/dolgov/files/WHD/fact-sheets/whdfs13.pdf.
[3] https://www.dol.gov/sites/dolgov/files/WHD/opinion-letters/FLSA/FLSA2019-6.pdf.

respectfully proposes to provide status reports apprising this Court of any developments every 60 days.

**5.** Counsel for plaintiff has represented that they consent to this motion for an abeyance.

Respectfully submitted,

MICHAEL S. RAAB

 /s/ **Jennifer L. Utrecht**
JENNIFER L. UTRECHT
(202) 353-9039
   *Attorneys, Appellate Staff*
   Civil Division
   U.S. Department of Justice
   950 Pennsylvania Ave. N.W.
   Room 7710
   Washington, D.C. 20530

JUNE 2025

4

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2025, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system.

I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system

 /s/ Jennifer L. Utrecht  
Jennifer L. Utrecht
