IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

COLT & JOE TRUCKING, LLC,

    Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF LABOR, et al.,

    Defendants-Appellees.

No. 25-2022

**STATUS REPORT**

Defendants-appellees United States Department of Labor, *et al.*, respectfully submit this status report in the above-captioned case.

**1.** As noted in the government's motion for an abeyance, the Department of Labor has informed us that it intends to reconsider the regulation at issue in this litigation. Consistent with the Department's expressed intent to reconsider the rule, the Wage and Hour Division published on May 1 a Field Assistance Bulletin providing that the Wage and Hour Division "will no longer apply the 2024 Rule's analysis when determining employee versus independent contractor status in FLSA investigations."[1]

As further noted in the government's motion, all four other cases challenging the rule at issue have been placed in abeyance. *See Frisard's Transp., LLC v. Department*

---

[1] https://www.dol.gov/sites/dolgov/files/WHD/fab/fab2025-1.pdf.

*of Labor*, No. 24-30223, Dkt. No. 112 (5th Cir. April 8, 2025); *Warren v. U.S. Dep't of Labor*, No. 24-13505, Dkt. No. 32 (11th Cir. Apr. 14, 2025); *Littman v. Department of Labor*, No. 25-5335, Dkt. No. 11 (6th Cir. May 2, 2025); *Coalition for Workforce Innovation v. Chavez-DeRemer*, No. 1:21-cv-130 (E.D. Tex. Apr. 29, 2025).

**2.** Since the motion for abeyance was filed, the Office of Management and Budget's Office of Information and Regulatory Affairs published the Spring 2025 Unified Agenda of Regulatory and Deregulatory Actions (Spring 2025 Agenda), which reports on the actions administrative agencies plan to issue in the near and long term. The Spring 2025 Agenda reports that the Department of Labor intends to issue a notice of proposed rulemaking to rescind the rule at issue in this litigation and "is considering how it will proceed with respect to independent contractor classification under the FLSA" going forward.[2] The Spring 2025 Agenda indicates that this notice of proposed rulemaking will be published in September.

**3.** The government respectfully requests that this Court continue to hold this case in abeyance while the Department moves forward with its reconsideration of the challenged rule. We have consulted with plaintiffs, who have no objection to a continued abeyance with periodic status reports. The government respectfully

---

[2] https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202504&RIN=1235-AA46

proposes to provide another status report apprising this Court of any developments in another 90 days.

                                                  Respectfully submitted,

                                                  MICHAEL S. RAAB

                                                  **/s/ Jennifer L. Utrecht**
                                                  JENNIFER L. UTRECHT
                                                  (202) 353-9039
                                                    *Attorneys, Appellate Staff*
                                                     Civil Division
                                                   U.S. Department of Justice
                                                   950 Pennsylvania Ave. N.W.
                                                   Room 7710
                                                   Washington, D.C. 20530

SEPTEMBER 2025

## CERTIFICATE OF SERVICE

    I hereby certify that on September 15, 2025, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system.

    I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system

                                      **/s/ Jennifer L. Utrecht**
                                        Jennifer L. Utrecht